JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-778 JGB (SPx)** | Date | June 16, 2026 |
|---|---|---|---|

| Title | *Jill Bonnie Cohen v. National Tax Advisory Services, LLC* |
|---|---|

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) DISMISSING Plaintiff's Complaint for Failure to Comply with Court Orders; and (2) DIRECTING the Clerk to Close the Case (IN CHAMBERS)**

On February 18, 2026, plaintiff Jill Bonnie Cohen ("Plaintiff") filed a complaint against defendant National Tax Advisory Services, LLC ("Defendant").  ("Complaint," Dkt. No. 1.) Plaintiff did not serve Defendant within 90 days after the complaint was filed.  Fed. R. Civ. Proc. 4(m).  On June 3, 2026, this Court ordered Plaintiff to show cause in writing on or before June 11, 2026 why this action should not be dismissed for lack of prosecution.  ("OSC," Dkt. No. 10.) The OSC warned Plaintiff that "[f]ailure to adequately respond to this order will result in the dismissal of this case." (Id.)  To date, Plaintiff has not shown cause in writing.

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders.  See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016).  Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b).  Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff failed to comply with the Court's OSC by the Court-ordered deadline.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995)

(enumerating factors to weigh dismissal for failure to follow local rules); <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 643 (9th Cir. 2002) (enumerating factors to weigh dismissal for failure to prosecute or to comply with a court order).  The Court need not weigh these factors explicitly.  <u>See</u> <u>Ghazali</u>, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate.  The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending." <u>Nealey v. Transportacion Maritima Mexicana, S.A.</u>, 662 F.2d 1275, 1279 (9th Cir. 1980).  Both the public and the Court will benefit from the expeditious resolution of this action because further delay will impede judicial efficiency.  Plaintiff has unreasonably delayed this action without explanation by failing to properly serve Defendant and failing to respond to the Court's OSC.  Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket."  <u>Ferdik</u>, 963 F.2d at 1261; <u>see also</u> <u>Pagtalunan</u>, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal).

Additional delay will prejudice Defendant, forcing Defendant to spend needless resources defending this action.  <u>See</u> <u>Sw. Marine Inc. v. Danzig</u>, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."); <u>Moore v. Telfon Commc'ns Corp.</u>, 589 F.2d 959, 967–68 (9th Cir. 1978) ("[P]rejudice is presumed from unreasonable delay.").  Moreover, less drastic sanctions are not realistic.  The Court has already issued the Order to Show Cause, which fulfilled its "obligation to warn the plaintiff that dismissal is imminent."  <u>Oliva v. Sullivan</u>, 958 F.2d 272, 274 (9th Cir. 1992).  "[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."  <u>Ferdik</u>, 963 F.2d at 1262 (quoting <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 132–33 (9th Cir. 1987)).  In sum, the Court concludes that four of the five factors weigh in favor of dismissing this action in its entirety.  <u>See</u> <u>Pagtalunan</u>, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).

Accordingly, the Court **DISMISSES** Plaintiff's action for failure to comply with court orders and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**